PHILLIP A. TALBERT
Acting United States Attorney
KIMBERLY A. SANCHEZ
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL HOLDIMAN,<br><br>    Defendants. | CASE NO. 1:15-CR-00071 DAD<br><br>SENTENCING AGREEMENT |

The United States of America, by and through PHILLIP A. TALBERT, the Acting United States Attorney for the Eastern District of California, and KIMBERLY A. SANCHEZ, Assistant United States Attorney, and the defendant, MICHAEL HOLDIMAN, and his attorney, CHARLES LEE, have agreed as follows:

    1.    Agreements by the Defendant.

    (a)    Defendant has requested the government agree to recommend that his sentence be deferred to allow him time to complete the Delancey Street Program. The defendant agrees to request the Court to postpone sentencing in this matter until any of the following dates:

    (1)    The next available court date following defendant's completion of the Delancey Street program to which he has already gained tentative admission (subject to medical clearances, etc.);

    (2)    The next available court date following either an admission to or a finding that the

Plea Agreement

defendant violated any term or condition of his release pending sentencing; or

    (3)    September 24, 2018 (a date that the parties agree can be revisited should additional time be necessary to complete the Delancey Street program).

    (a)    In exchange for the government's agreement to recommend that the defendant's sentencing be postponed to allow him to attend Delancey Street before being sentenced, the defendant agrees to modification of certain terms of his plea agreement filed with this Court. If the defendant is terminated from the Delancey Street program for reasons other than a medical or mental health condition (not including any drug use issues) or related to issues that are not as a result of violations of rules or regulations of the program or the defendant's conditions of release, either admits to or the Court makes a finding that the defendant violated any term or condition of his release pending sentencing, or the defendant fails to appear as required for sentencing, the defendant agrees to proceed to sentencing with no agreements as to the type or length of sentence to be imposed, including and up to the maximum penalty as set forth below, and agrees that the government is no longer bound by the agreement in the plea agreement to recommend a low end guideline sentence. Additionally, as defendant's acceptance to the program is tentative (it is the understanding of the parties that the "tentative" nature of the acceptance is mostly technical, to insure that the defendant does not develop any prohibiting medical issues or any violation conduct between the time of the letter and entry into the program), if the defendant is not accepted into the program for any reason, he agrees to proceed with sentencing under the terms set forth in the plea agreement without any consideration of the terms of this Sentencing Agreement.

    (b)    Defendant agrees that Pretrial Services must be consulted regarding release pending sentencing, and if Pretrial objects to his release, then the parties will readdress this issue and this agreement is void. Defendant agrees to comply with recommendations made by the Pretrial Services officer and ordered by either a magistrate judge or this Court. Those conditions will include the provision that during the diversionary period, the defendant agrees that he: (1) shall report to and comply with the rules and regulations of the United States Pretrial Services Agency; (2) shall participate in and successfully complete the 24-month Delancey Street program; (3) shall reside at a location approved by the pretrial services officer and not change his residence without the prior approval of the

Plea Agreement

pretrial services officer; (4) shall not possess a firearm/ammunition, destructive device, or other dangerous weapon, and shall provide written proof of divestment of all firearms/ammunition currently under his control; (5) shall participate in a program of medical or psychiatric treatment, including treatment for anger management, as approved by the pretrial services officer, and shall pay all or part of the costs of the counseling services based upon his ability to pay, as determined by the pretrial services officer; (6) shall report any contact with law enforcement to his pretrial services officer within 24 hours; (7) shall obey all laws. The term "obey all laws" as used herein means all federal, state and local laws; and (8) shall not associate with any known gang members without the prior approval of his Pretrial Services Officer. 1

  (d)   The defendant agrees that compliance with the above terms set forth in paragraphs (1)(a)-(c) is to be determined at the sole discretion of the United States Attorney's Office for the Eastern District of California.

  3.   Agreements by the Government.

  (a) The government agrees to postpone sentencing as set forth in paragraph 1(a) above.

DATED: 8/23, 2016

PHILLIP A. TALBERT
United States Attorney

By /s/ Kimberly A. Sanchez
KIMBERLY A. SANCHEZ
Assistant U.S. Attorney

DATED: 8/22, 2016

/s/ Michael Holdiman
MICHAEL HOLDIMAN
Defendant

DATED: 8/22, 2016

/s/ Charles Lee
CHARLES LEE
Attorney for Defendant

---

1 This provision is intended to cover any interactions the defendant might have with known gang members who are also participating in the ~~Jericho Project~~. Delancy Street MH

Plea Agreement